# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Ali Majid HASSAN and
Zahra Ali HOJEIJ,

    *Plaintiffs*,

v.

Lisa A. Johnson, Ambassador,
U.S. EMBASSY, BEIRUT.

John Armstrong, Assistant Secretary of
State, Bureau of Consular Affairs,
DEPARTMENT OF STATE.

Marco Rubio, Secretary,
DEPARTMENT OF STATE.

    *Defendants*.

<u>Case No.     **2:25-cv-12762**</u>

Judge Robert J. White
Magistrate Judge Elizabeth A. Stafford

## <u>PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF</u>

2:25-cv-12762

## I.   <u>INTRODUCTION</u>

1.      This is an action brought pursuant to the Mandamus Act, 28 U.S.C. §
1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, ("APA")
seeking to compel Defendant U.S. Embassy Beirut to complete the administrative
agency process and render a final adjudication of Plaintiff Ali Majid HASSAN's
immigrant visa application, pending without adjudication by U.S. Embassy Beirut
since the interview on July 30, 2024. To date, while Plaintiffs continue to wait in
separate countries, the defendants have failed to reach final agency action on
Plaintiff's immigrant visa. Plaintiffs seek to have this honorable Court impose a
date-certain deadline for adjudication of their pending application for immigrant
visa.

2.      This immigrant visa case has a long history, as the underlying I-130
Petition for Alien Relative was filed by Plaintiff HOJEIJ and approved by U.S.
Citizenship and Immigration Services ("USCIS") in 2013. Plaintiff Hassan first
applied for his immigrant visa on May 12, 2014, but was found to be inadmissible
for unlawful presence under section 212(a)(9)(B)(ii) of the INA. Plaintiff Hassan
then submitted an I-601 waiver on June 23, 2014. Still awaiting final adjudication
of that waiver after multiple Requests for Evidence and a remand by the AAO,
Plaintiffs filed their previous Petition for Mandamus with this Court in November
of 2021. *Hassan et al., v. Miller, et al.,* 2:21-cv-12733-VAR-C, E.D. Michigan,

November 23, 2021. USCIS ultimately denied that I-601 waiver on January 24, 2022. Without an approved I-601 waiver, the underlying immigrant visa application was not approvable and the parties stipulated to dismissal of case 21-12733 on March 15, 2022 (ECF 9).

3.      The instant Petition for Mandamus again asserts unreasonable delay by U.S. Embassy Beirut since Plaintiff Hassan's long-pending immigrant visa application – for which he is now prima facie eligible and no longer subject to any grounds of inadmissibility or in need of a waiver – was documentarily qualified on June 6, 2024, and since Plaintiff Hassan's interview was completed at U.S. Embassy Beirut on July 30, 2024.

4.      The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, provides a framework for the allocation of immigrant visas for family sponsored immigrants. 8 U.S.C. § 1151(a)(1).

## II.      **PARTIES**

5.      Plaintiff Zahra Ali HOJEIJ (hereinafter "Zahra Hojeij" or "Ms. Hojeij") is a U.S. citizen. On April 19, 2013, Plaintiff Zahra HOJEIJ filed an I-130 Petition for Alien Relative on behalf of her spouse, Mr. Ali Majid HASSAN (hereinafter "Ali HASSAN" or "Mr. Hassan"). This I-130 Petition was approved by USCIS on December 16, 2013 – more than eleven years ago. Plaintiff Zahra

HOJEIJ resides with the Plaintiffs' two U.S. citizen minor children in the city of Dearborn, Wayne County, Michigan.

6.      Plaintiff Mr. Ali Majid HASSAN is a citizen and national of Lebanon. Plaintiff Ali Majid HASSAN is the spouse and the primary beneficiary of the approved I-130 petition filed by Plaintiff Zahra HOJEIJ and approved by USCIS in 2013. Plaintiff HASSAN resides in Lebanon, separated from the Plaintiff (and I-130 Petitioner) Zahra HOJEIJ and his two children. This prolonged separation has created great hardship. Plaintiff HASSAN will join his U.S. citizen spouse and children in Michigan upon approval of his immigrant visa.

7.      Defendant Lisa A. Johnson serves as Ambassador and Chief of Mission at U.S. Embassy Beirut. Defendant Johnson oversees the Immigrant Visa Unit of the U.S. Embassy in Beirut for processing of documentarily qualified visa applications, such as the Immigrant visa application submitted by Plaintiff HASSAN. Plaintiff HASSAN's July 30, 2024, visa interview was scheduled and conducted by the Immigrant Visa Section under the direction of Defendant Johnson and his visa application should be adjudicated and a final decision rendered by U.S. Embassy Beirut to complete the agency process. Defendant Johnson is a consular officer as defined by 8 U.S.C. § 1101(a)(9) and is sued in her official capacity.

2:25-cv-12762

8.     Defendant John Armstrong is Assistant Secretary of State and serves as the head of the Bureau of Consular Affairs. In this role, Defendant Armstrong serves the interests of U.S. citizens abroad and foreign nationals who seek to connect to the United States through the issuance of visas to qualified visitors, workers, and immigrants. The Bureau of Consular affairs oversees all U.S. Embassies and Consulates. Defendant Armstrong is sued in his official capacity.

9.     Defendant Marco Rubio is Secretary of the U.S. Department of State (DOS). As Secretary of State (SOS), Defendant Rubio directs the administration of the entire DOS, establishes and implements governing DOS policies, practices, and procedures including the adjudication of immigrant visas, and oversees all State Department Embassies and Consulates, which includes the delegated Consular personnel who should complete the adjudication of Plaintiff HASSAN's Immigrant visa application. Defendant Rubio is sued in his official capacity.

10.    Defendant Bureau of Consular Affairs ("CA") is a component of Defendant DOS that formulates and implements policy relating to immigration and consular services and should ensure responsive and efficient provision of consular services overseas. Responsibility for these functions is vested within the Department of State in the Assistant Secretary for Consular Affairs and for their implementation abroad in consular officers assigned to embassies and consulates abroad.

5

2:25-cv-12762

11.     Defendant Department of State ("DOS") is a cabinet department of the United States federal government pursuant to 22 U.S.C. § 2651 and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). DOS serves as the lead U.S. foreign affairs agency, and is responsible, inter alia, for leading and coordinating U.S. representation abroad including through U.S. Embassies and consulates in foreign countries. DOS oversees the Bureau of Consular Affairs and its implementation of federal law and policy with respect to visa applications.

### III.   <u>JURISDICTION</u>

12.     This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

13.     This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

14.     Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiffs are aggrieved by adverse agency action in this case

and this court shall "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure

to act." 5 U.S.C. § 551(13), emphasis added.

15.    The Court has personal jurisdiction over all Defendants as they can be

reached by service of process.

### IV.    <u>VENUE</u>

16.    Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1),

as this is a civil action in which the Defendants are agencies of the United States

and officers of the United States acting in their official capacity, this action is

brought in the judicial district in which U.S. citizen Plaintiff Zahra HOJEIJ resides,

and all Defendants can be reached by service of process.

### V.    <u>STANDING</u>

17.    Plaintiffs have constitutional standing under *Lujan v. Defenders of
Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete

injury due to Defendants' failure to act, which injury will be redressed by a

favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61

(1992). Plaintiffs have been and continue to be injured by the ongoing failure of

Defendants to complete all agency action and timely adjudicate Plaintiff

HASSAN's immigrant visa application based on the approved I-130 Petition for

Alien Relative – properly filed by Plaintiff Zahra HOJEIJ on April 19, 2013.

Plaintiff HASSAN is no longer subject to the ten-year bar, no longer requires a

waiver, and his visa application is ripe for adjudication by U.S. Embassy Lebanon.

### VI.   <u>FACTUAL ALLEGATIONS</u>

18.   Mr. Ali Hassan, a citizen of Lebanon, born on August 9, 1974, entered

the United States without inspection on or about February 2001.

19.   Mr. Hassan married Mrs. Hojeij in a religious ceremony on April 24,

2004, and they had their civil ceremony on April 1, 2013, in Dearborn, Michigan.

The couple have two (2) U.S. citizen minor children together, born in 2009 and

2014.

20.   On April 19, 2013, Mrs. Hojeij filed an I-130 Petition for Alien

Relative on Mr. Hassan's behalf which was approved by USCIS on December 16,

2013. (**Exhibit A**).

21.   On or about April 30, 2014, Mr. Hassan departed the United States

and returned to his native Lebanon.

22.   On May 12, 2014, in Lebanon, Mr. Hassan applied for an immigrant

visa, but the U.S. consular officer found him to be subject to the inadmissibility

provision of section 212(a)(9)(B)(ii) of INA - unlawful presence in excess of one

year which triggered a ten-year bar. The consular officer denied Mr. Hassan's application for an immigrant visa.

23.     On June 23, 2014 Mr. Hassan filed an Application for Waiver of Grounds of Inadmissibility, Form I-601, requesting a waiver of inadmissibility for his unlawful presence and for his 2003 involvement in a single crime involving moral turpitude ("CIMT"). (**Exhibit B**).

24.     On June 23, 2017, after two RFEs were issued by USCIS with responses timely submitted by Mr. Hassan, Plaintiff's I-601 waiver application was denied (**Exhibit C**). The Service concluded that, although Mr. Hassan had established extreme hardship to his U.S. citizen spouse, the higher standard of exceptional and extremely unusual hardship for waiver of the CIMT ground of inadmissibility had not been met.

25.     On July 25, 2017, Mr. Hassan promptly filed an appeal with the Administrative Appeals Office ("AAO") in which he argued that the higher exceptional and extremely unusual hardship standard had been met. On May 19, 2020, the AAO issued a non-precedent decision remanding the case back to the USCIS Nebraska Service Center for the entry of a new decision consistent with the AAO analysis on the issue of exceptional and extremely unusual hardship to his spouse "upon relocation, as well as upon separation." (**Exhibit D**).

26.     Upon remand by the AAO, Nebraska Service Center issued another

Request for Evidence on October 5, 2020. Plaintiffs timely submitted their

response to the RFE on December 28, 2020.

27.     On November 23, 2021, still awaiting final adjudication of their I-601

waiver, Plaintiffs submitted their prior Petition for Mandamus in this Court.

*Hassan et al., v Miller,* 2:21-cv-12733-VAR-CI, E.D. Michigan, November 23,

2021, ECF 1.

28.      On January 24, 2022, USCIS again denied Plaintiffs' Form I-601,

Application for Waiver of Grounds of Inadmissibility (**Exhibit E**).

29.     On March 15, 2022, the parties agreed to a stipulated dismissal of the

prior mandamus suit. 23-12733, ECF 9.

30.     On April 15, 2024, immigration counsel for Plaintiff Mr. Hassan

submitted an inquiry to U.S. Embassy Beirut to resume the immigrant visa process

as Mr. Hassan's CIMT conviction was vacated for ineffective assistance of counsel

and because after April 30, 2024, (10 years after his departure from the United

States) Mr. Hassan is no longer inadmissible for ULP or CIMT. (**Exhibit F**).

31.     U.S. Embassy Beirut scheduled Plaintiff HASSAN's visa interview

for July 30, 2024, which he attended. (**Exhibit G**).

32.     Because Petitioner Hassan's still-pending immigrant visa application

remained in administrative processing after his July 30, 2024, interview at U.S.

2:25-cv-12762

Embassy Beirut, Mr. Hassan enlisted assistance from the offices of U.S. Senator Gary Peters and U.S. Representative Rashida Tlaib for his long-delayed visa application. Correspondence excerpts are included at (**Exhibit H**).

33.    As of the date of this filing, the online CEAC system still shows Plaintiff HASSAN's visa application case as "refused" – i.e. in administrative processing pursuant to 221(g). (**Exhibit I**). Plaintiff HASSAN's visa application is still awaiting *final* action by U.S. Embassy Beirut.

34.    As of the date of this filing, Plaintiff HASSAN has not received a decision on his immigrant visa application from DOS or Embassy Beirut. <u>Plaintiffs remain separated more than eleven (11) years</u> after Plaintiff Zahra HOJEIJ's I-130 Petition was approved and 400 days – more than 13 months – since the completion of Plaintiff HASSAN's latest consular interview on July 30, 2024.

35.    Plaintiff HASSAN is eligible for immediate adjudication of his immigrant visa application based on the approved I-130. Plaintiff Hassan is no longer inadmissible on the basis of a CIMT as that conviction was vacated on Constitutional grounds for ineffective assistance of counsel. Also, as of April 30, 2024, Plaintiff Hassan is no longer subject to the ten-year bar for unlawful presence and is no longer inadmissible on that ground. No waiver is needed. Plaintiff Hassan's immigrant visa is ripe for adjudication by U.S. Embassy Beirut.

2:25-cv-12762

Defendants have failed to complete adjudication of his properly filed visa application.

### VII.   **IRREPARABLE INJURY**

36.    The failure of Defendants to complete the administrative agency action regarding Plaintiffs' Immigrant visa Application within a reasonable time causes Plaintiffs Zahra HOJEIJ and Ali Majid HASSAN to continue suffer the irreparable injury of family separation.

### VIII.   **EXHAUSTION**

37.    Plaintiffs Zahra HOJEIJ and Ali Majid HASSAN have exhausted all available administrative remedies that can provide the relief they seek. There are no further administrative remedies available to Plaintiffs.

### IX.   **FIRST CAUSE OF ACTION – Writ of Mandamus**

38.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 above.

39.    Mandamus is available when three requirements are met: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011). See also 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

40.     Plaintiffs have a clear right to the relief requested. U.S. citizen Plaintiff Zahra HOJEIJ's I-130 Petition on behalf of Plaintiff HASSAN was approved by USCIS on December 16, 2013, and the immigrant visa application was properly submitted to Embassy Beirut and an immigrant visa interview took place on July 30, 2024. The case is complete, documentarily qualified, not in need of any waiver, and ripe for adjudication by Defendants.

41.     Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to complete the administrative agency action on Plaintiffs' pending immigrant visa application within a reasonable time within published processing times. This includes both interview and final adjudication.

42.     Furthermore, provisions 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.

43.     Defendants have failed to issue a decision on Plaintiffs' Immigrant visa application.

44.     Plaintiffs have now awaited completion of the *current* administrative agency process for more than thirteen months – 400 days – since Plaintiff HASSAN completed his U.S. Embassy Beirut interview on July 30, 2024. Plaintiff

2:25-cv-12762

HASSAN's immigrant visa application was originally submitted in May of 2014 upon the I-130 approved by USCIS in December of 2013. Plaintiffs have now been waiting more than eleven (11) years in total for a final adjudication of Plaintiff HASSAN's immigrant visa application.

45.     This delay is far longer than the maximum 180 days allowed by statute. Plaintiffs have been prejudiced by this delay.

46.     Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiffs' Immigrant visa application.

47.     No other adequate remedy is available. Plaintiffs have submitted correspondence attempting to understand and to expedite the continued delay.

**X.     SECOND CAUSE OF ACTION – Administrative Procedures Act**

48.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 above.

49.     The Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), provides the Court with authority to compel agency action unlawfully withheld or unreasonably delayed. As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the completion of administrative agency action within a reasonable time, not merely a right to have the agency take some action at

14

all." Yu v. Brown, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing Forest Guardians

v. Babbitt, 164 F.3d 1261, 1269 (10th Cir. 1998) and Deering Milliken, Inc. v.

Johnston, 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

50.     The APA also provides this Court with the authority to hold unlawful

and set aside agency action that, inter alia, is found to be: "arbitrary, capricious,

and an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §

706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure

required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part,

"an agency rule, order, license, sanction, relief, or the equivalent or denial thereof,

or failure to act." 5 U.S.C. § 551(13) (emphasis added).

51.     When a petitioner/plaintiff "seeks both mandamus relief and relief

under the APA, courts apply the same principles and standards to both to

determine jurisdiction and to access the merits." Nelson v. United States, 107 F.

App'x 469, 471 (6th Cir. 2004).

52.     Defendants have a duty under the APA to make a final decision

"within a reasonable amount of time." 5 U.S.C. § 555(b).

53.     To determine whether the agency's delay is unreasonable, this Court

must apply the six "TRAC" factors enumerated in Telecomms Research & Action

v. FCC ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). Telukunta v. Mayorkas, Case

No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." Id., quoting In re Core Comms., Inc., 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decision must be governed by a 'rule of reason.'" TRAC, 750 F.2d at 80. USCIS reviews applications on a first-in, first-out basis. Plaintiff's immigrant visa application has been ripe for adjudication since completion of his consular interview on July 30, 2024 – thirteen months ago. Plaintiffs have waited a total of more than eleven (11) years for final adjudication of Plaintiff HASSAN's immigrant visa application. This most-important factor favors Plaintiffs. "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third factor the Court must consider that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" Telukunta, No-21-10372, at 3, quoting TRAC, 750 F.2d at 80.

54.  Defendants have unreasonably delayed completion of the administrative agency process regarding Plaintiffs' Immigrant visa application.

55.  It has now been 400 days – over  thirteen months – since  Plaintiff HASSAN's visa interview on July 30, 2024.

56.  Defendant's "failure to act" on Plaintiffs' properly filed immigrant visa application is arbitrary, capricious, and not in accordance with the law, regulations, or agency policy. 5 U.S.C. § 551(13).

2:25-cv-12762

57.     Plaintiffs have exhausted their administrative remedies. No other
remedy exists in the face of the Defendants' continued and unexplained completion
of required action on the properly filed immigrant visa application by Plaintiff
HASSAN.

58.     Plaintiffs respectfully request that this Honorable Court "compel
agency action unlawfully withheld or unreasonably delayed" – by a date certain –
pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

## XI.     CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES

59.     Plaintiffs re-allege and incorporate by reference paragraphs 1 to 53.

60.     Defendant's failure to complete the administrative agency action and
render a final decision within a reasonable amount of time is substantially
unjustified and Plaintiffs are entitled to reasonable attorney's fees under EAJA.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to complete all agency action and render a final
   adjudication of Plaintiffs' Immigrant visa application by a date certain;

3. Award Plaintiffs reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

17

2:25-cv-12762

Respectfully submitted this 2nd day of September, 2025.


/s/ Glenn Eric Sproull

_____
GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com

**Attorney for Plaintiffs**

18